UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LAUREL EATON,** <br>             **Plaintiff,** <br> v. <br> **VETERANS INC.,** <br>             **Defendant.** | **CIVIL ACTION** <br> **NO. 4:19-40124-TSH** |

**ORDER AND MEMORANDUM ON DEFENDANT'S MOTION TO DISMISS (Docket No. 16)**

**January 16, 2020**

**HILLMAN, D.J.**

Laurel Eaton ("Plaintiff") filed this action against Veterans Inc. ("Defendant"), alleging defamation and tortious interference with contractual or advantageous business relations and seeking declaratory judgment invalidating her non-competition and non-solicitation agreement with Defendant. Defendant moves to dismiss her claims on privilege and mootness grounds. (Docket No. 16). For the following reasons, the Court ***denies*** the motion.

**Background[1]**

Plaintiff earned her Master's Degree in Social Work from Boston College Graduate School of Social Work in May 2014[2] and began working for Defendant as a Grant Writer shortly thereafter. (Docket No. 13 at 2). On Plaintiff's first day of work, Defendant required Plaintiff to sign a non-competition and non-solicitation agreement (the "Non-Compete Agreement") that

---

[1] The following facts are taken from the Plaintiff's Amended Complaint (Docket No. 13) and assumed true for the purposes of this motion.
[2] The Commonwealth of Massachusetts issued Plaintiff a license to practice social work by March 2015. (Docket No. 13 at 4).

prevented her from "engag[ing] or assist[ing] others in engaging in any business or enterprise . . . that is competitive with [Defendant's] business" in the two years following the end of her employment with the company. (Docket No. 13-1 at 2).

As a Grant Writer, Plaintiff's primary responsibilities included researching, developing, and writing grant proposals to secure funding for Defendant's programs and projects. (Docket No. 13 at 2). Within months of her start date, however, Defendant began to assign Plaintiff additional responsibilities. (Docket No. 13 at 2, 4). Defendant, for example, asked Plaintiff to coordinate the development and licensure of a new inpatient treatment program; track and monitor grant applications; and assume some of her supervisor's duties. (Docket No. 13 at 5). To recognize her new responsibilities, Defendant promoted Plaintiff to the position of Program Development Coordinator on September 28, 2015. (Docket No. 13 at 5). It did not require Plaintiff to sign a new non-competition and non-solicitation agreement as a condition of her promotion. (Docket No. 13 at 5).

Over the course of the next year, Plaintiff "began to feel increasingly uncomfortable with the working environment and financial management of Veterans Inc." (Docket No. 13 at 6). She decided to leave and, in the fall of 2016, accepted a job from Team Red, White and Blue ("Team RWB") as a Grant Manager. (Docket No. 13 at 6). Her last day with Defendant was October 5, 2016, and she began working at Team RWB on October 17, 2016. (Docket No. 13 at 7).

Within a few days of starting at Team RWB, Plaintiff received a call from Defendant asking if it was true that she had accepted a position there. (Docket No. 13 at 7). Plaintiff confirmed that she had, and Defendant stated that it "takes non-compete agreements seriously." (Docket No. 13 at 7). During this call, Defendant "made no effort to inquire whether [Plaintiff] was in a position at [Team RWB] to use or disclose [Defendant's] conditional and proprietary information (if any),

or to trade upon its good will." (Docket No. 13 at 7). Nor did Defendant "identify any legitimate business reason that would support the enforcement of the non-compete agreement so as to preclude Ms. Eaton from continuing her work at [Team RWB]." (Docket No. 13 at 7–8).

Within an hour of calling Plaintiff, Defendant called Team RWB and threatened to take legal action to enforce the Non-Compete Agreement if Team RWB "did not sever its relationship with her." (Docket No, 13 at 11). Plaintiff alleges that Defendant made this communication knowing that it had no legitimate business reason to enforce the Non-Compete Agreement, knowing that the Non-Compete Agreement was unenforceable, and "with the malicious intent of having [Plaintiff] fired." (Docket No. 13 at 8–11, 12). As a result of this call, Team RWB terminated Plaintiff's employment on October 24, 2016. (Docket Nos. 13 at 12, 13-6 at 2).

Plaintiff filed a complaint with this Court on October 2, 2019. (Docket No. 1). She amended her complaint on November 20, 2019. (Docket No. 13). Defendant moved to dismiss the amended complaint on December 13, 2019. (Docket No. 16).

**Legal Standard**

In evaluating a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 69 (1st Cir. 2000). To survive the motion, the complaint must allege "a plausible entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011). "[W]here the well-pleaded

facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

## **Discussion**

### *1. Litigation Privilege*

Defendant argues that we must dismiss Plaintiff's tortious interference and defamation claims because she premises these claims on communications protected by the litigation privilege. (Docket No. 17 at 7–12). "It is well established that statements made by a witness or party during trial, if pertinent to the matter in hearing, are protected with an absolute privilege against an action for defamation." *Correllas v. Viveiros*, 410 Mass. 314, 320 (1991). This privilege extends "to communications made preliminary to proposed judicial proceedings if judicial proceedings are contemplated in good faith and under serious consideration." *Shirokov v. Dunlap, Grubb & Weaver*, PLLC, No. 10-12043, 2012 WL 1065578, at *22 (D. Mass. Mar. 27, 2012); *see also Sriberg v. Raymond*, 370 Mass. 105, 109 (1976). The party asserting the litigation privilege bears the burden of establishing entitlement to it, *see Meltzer v. Grant*, 193 F. Supp. 2d 373, 381 (D. Mass. 2002), and we assess whether that burden has been met "on a case-by-case basis, after a fact-specific analysis, with a proper consideration of the balance between a plaintiff's right to seek legal redress for injuries suffered and the public policy supporting the application of such a strong protection from the burdens of the litigation," *Fisher v. Lint*, 69 Mass. App. Ct. 360, 365–66 (2007).

Here, Defendant has not shown that the allegations in Plaintiff's amended complaint demonstrate its entitlement to the litigation privilege. *See Shirokov*, 2012 WL 1065578, at *23 ("[A] motion to dismiss on the basis of the litigation privilege only succeeds when the

entitlement to the privilege is demonstrated by the complaint itself."). Plaintiff pleads that: (1) Defendant knew or should have known that it lacked any legitimate business reason to enforce the Non-Compete Agreement (Docket No. 13 at 7–10); (2) Defendant knew or should have known that the Non-Compete Agreement was unenforceable (Docket No. 13 at 10–11); (3) Defendant knew or should have known that its statements to Team RWB regarding the enforceability of the Non-Compete Agreement were false (Docket No. 12 at 11–12); and (4) Defendant made these statements with the malicious intent of getting Plaintiff fired (Docket No. 13 at 12). These allegations, which the Court must accept as true at this stage in the proceedings, create the reasonable inference that Defendant threatened legal action in bad faith and did not seriously consider initiating any judicial proceeding against Plaintiff or Team RWB. It would thus be inappropriate for the Court to determine the applicability of the litigation privilege at this juncture. *See Hayes v. Mirick*, 378 F. Supp. 3d 109, 114 (D. Mass. 2019). The Court accordingly ***denies*** the motion to dismiss Counts I and II.

### 2. *Mootness*

Defendant argues that Plaintiff's declaratory judgment claim, which seeks a declaration of the parties' "respective legal rights and obligations at the time that [Plaintiff] left her employer with [Defendant] and accepted employment with [Team RWB]" (Docket No. 13 at 15), is moot because the two-year prohibition period created by the Non-Compete Agreement has expired. (Docket No. 17 at 13). "For declaratory relief to withstand a mootness challenge, the facts alleged must 'show that there is a substantial controversy . . . of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Am. Civil Liberties Union of Mass. v. U.S. Conference of Catholic Bishops*, 705 F.3d 44, 53–54 (1st Cir. 2013) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 402 (1975)). Here, the controversy between the parties is still live. Plaintiff

alleges that she has "yet to obtain employment in her chosen field" and that the reputational harm caused by Defendant "has left a continuing cloud over [her] professional reputation, particularly in the field of veterans services." (Docket No. No. 13 at 13, 15). Because the Court can reasonably infer from these allegations that the validity of the Non-Compete Agreement has impacted, and will continue to impact, her ability to gain employment in the field of veterans services, the Court declines to find the claim moot at this stage in the proceedings. The Court thus ***denies*** the motion to dismiss Count III.

## Conclusion

For the reasons stated above, Defendant's motion is ***denied***. (Docket No. 16).

**SO ORDERED**

*/s/ Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**